Per Curiam.
Defendant, Judge Hugh Clarke, was appointed to the 54-A District Court by former Governor Jennifer Granholm. The Attorney General claims that defendant is not entitled to hold office beyond January 1, 2011, and brought this quo warranto action to oust defendant. See MCL 600.4505(1); MCL 600.4515. Having assumed jurisdiction over this action and having heard oral argument, we hereby dismiss plaintiffs complaint.
In November 2004, Judge Amy RONAYNE KRAUSE of the 54-A District Court was elected to a six-year term of office beginning on January 1, 2005. In November 2010, Judge RONAYNE KRAUSE was reelected to another six-year term *63 that was to begin on January 1, 2011. However, on November 23, 2010, Governor Granholm appointed Judge RONAYNE KRAUSE to fill a vacancy on the Court of Appeals. Judge RONAYNE KRAUSE resigned from the 54-A District Court effective December 13, 2010, and Governor Granholm appointed defendant to the position on December 20, 2010, effective December 22, 2010. Governor Granholm’s term of office as governor ended on January 1, 2011.
The Attorney General brought a quo warranto action in the Court of Appeals, claiming that defendant is not entitled to remain in office beyond the term of office to which he was appointed — that is, beyond January 1, 2011 — and that the Governor is not entitled to fill a judicial vacancy for a term that does not begin until after the Governor leaves office. We granted defendant’s application to bypass consideration of the matter by the Court of Appeals and assumed jurisdiction over the action. 488 Mich 1052 (2011); see MCR 7.302(C)(1).
We conclude the following:
(1) A judicial vacancy “shall be filled by appointment by the governor.” Const 1963, art 6, § 23.
(2) The resignation of Judge KRAUSE created a vacancy on the 54-A District Court. Id. (“A vacancy shall occur ... in the district court by . . . resignation . . . .”).
(3) “The person appointed by the governor shall hold office until 12 noon of the first day of January next succeeding the first general election held after the vacancy occurs . ...” Id.
(4) Michigan law defines “general election” as “the election held on the November regular election date in an even numbered year,” MCL 168.2(h), and sets the November regular election date as “the first *64 Tuesday after the first Monday in November,” MCL 168.641(1)(d). Accordingly, in this case, the “first general election held after the vacancy occurs” falls on Tuesday, November 6, 2012.
(5) Therefore, defendant “shall hold office until 12 noon” on January 1, 2013. Const 1963, art 6, § 23.
(6) The argument of plaintiff that an absurd result could conceivably arise under this Court’s interpretation of Const 1963, art 6, § 23 in circumstances not presented in this case raises an abstract issue that is not properly before this Court.
(7) Although we rule in favor of defendant, his argument that it is inconsistent with Const 1963, art 6, § 4 for this Court to issue a writ of quo warranto to oust a judge from office does not represent the law of this state, see In re Servaas, 484 Mich 634; 774 NW2d 46 (2009), and this argument confuses judicial removal for reasons of misconduct with a determination that a person is not lawfully entitled to hold judicial office.
The plain language of article 6, § 23 operates to allow an appointee to hold office for two separate terms when the second term begins before “12 noon of the first day of January next succeeding the first general election held after the vacancy occurs.” Thus, contrary to plaintiffs position and the conclusion of a plurality of justices in Attorney General v Riley, 417 Mich 119; 332 NW2d 353 (1983), article 6, § 23 is a “holdover” provision. While we understand why plaintiff relied on Riley in support of his position that Judge Clarke should be treated in the same manner as Justice RILEY and not be permitted to remain on the bench beyond the end of the term during which he was originally appointed, Riley does not control the outcome of today’s case because it *65 is a plurality decision,[1] and the several rationales articulated in support of the plurality result are inconsistent with article 6, § 23. Accordingly, we hereby repudiate the Riley plurality opinion on the ground that it is inconsistent with the constitution of this state.
Because defendant is entitled under article 6, § 23 to hold the office of 54-A District Judge until January 1, 2013, we hereby dismiss plaintiffs action for quo warranto. Pursuant to MCR 7.317(C)(3), we direct the Clerk of the Court to issue the judgment order forthwith.
Young, C.J., and Markman, Hathaway, Mary Beth Kelly, and Zahra, JJ., concurred.

 “[D]ecisions in which no majority of the justices participating agree with regard to the reasoning are not an authoritative interpretation under the doctrine of stare decisis.” Rowland v Washtenaw Co Rd Comm, 477 Mich 197, 206 n 7; 731 NW2d 41 (2007), citing Negri v Slotkin, 397 Mich 105, 109; 244 NW2d 98 (1976).